# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2021

Lyle W. Cayce
Clerk

No. 20-60338
Summary Calendar

Mario Enrique Amaya-Lara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 636 848

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Mario Enrique Amaya-Lara, a native and citizen of Honduras, petitions us for review of a decision of the Board of Immigration Appeals that upheld the denial of his asylum application. His application and testimony describe fearing harm for refusing to join a gang.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60338

We are not compelled to find that Amaya-Lara has proven the elements of his asylum claim. The first element of an asylum claim is persecution, and when a private group, such as a gang, perpetuates the alleged persecution the applicant must prove that the government was unable or unwilling to prevent the harm. *Gonzales-Veliz v. Barr*, 938 F.3d 219 (5th Cir. 2019). The Board found this element unproven, and Amaya-Lara has waived it by failing to brief it, so we cannot find this claim fulfilled. *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). Amaya-Lara's argument for a fear of future persecution claim is based on the claim that he is entitled to a presumption of future persecution, but that presumption only applies when a past persecution claim is already proven. *See* 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1)(i).

We are also not compelled to find that Amaya-Lara will, more likely than not, be tortured in the future. He has not provided any evidence to prove that the government of Honduras will acquiesce to any future torture. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019).

DENIED IN PART; DISMISSED IN PART.